ORIGINAL

# United States Court of Federal Claims

No. 18-665 C
Filed: June 6, 2018

FILED

JUN - 6 2018

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CHANEL TURNER, | ) |
|        Plaintiff, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
|        Defendant. | ) ) ) |

## ORDER

On May 3, 2018, plaintiff Chanel Turner, proceeding *pro se*, filed a complaint with this Court, which appears to seek an "infinite protective order" against individuals in the Armed Forces for perpetrating a plethora of acts against plaintiff. Additionally, plaintiff has filed a motion to proceed *in forma pauperis*. Plaintiff's complaint asks the Court of Federal Claims to "look into [her] case," among other requests pertaining to her allegations including asking this court to "issue the highest level of protection."

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). Upon *sua sponte* review, this Court finds that plaintiff's allegations are tortious in nature and therefore do not give rise to any cause of action for which this Court has subject-matter jurisdiction. This Court has no authority to decide plaintiff's case, and therefore must dismiss the complaint pursuant to RCFC 12(h)(3).

Plaintiff's complaint is **DISMISSED**, pursuant to RCFC 12(h)(3). The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

Loren A. Smith
Senior Judge